1  Daniel P. Struck (012377)
   Kathleen L. Wieneke (011139)
2  STRUCK WIENEKE & LOVE PLC
   3100 W. Ray Road, Suite 300
3  Chandler, Arizona 85226-2473
   Telephone: (480) 420-1600
4  dstruck@swlfirm.com
   kwieneke@swlfirm.com
5

6  *Attorneys for Defendant Cory Nelson*

7  **UNITED STATES DISTRICT COURT**

8  **DISTRICT OF ARIZONA**

| | |
|---|---|
| B.K. by her next friend Margaret Tinsley; C.P. and B.T. by their next friend Jennifer Kupiszewski; A.A.; A.C-B; M.C-B; J.C-B; D.C-B; J.M. and J.C. by their next friend Susan Brandt, for themselves and those similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>Gregory McKay, in his official capacity as Director of the Arizona Department of Child Safety; and Cory Nelson, in his official Capacity as Director of the Arizona Department of Health Services,<br><br>            Defendants. | NO. 2:15-cv-00185-ROS<br><br>**JOINT MOTION TO ENTER INTO A PROTECTIVE ORDER** |

Plaintiffs, B.K., by her next friend Margaret Tinsley; C.P. and B.T., by their next friend Jennifer Kupiszewski; A.A.; A.C-B; M.C-B; J.C-B; D.C-B; J.M. and J.C. by their next friend Susan Brandt; and Defendants, Gregory McKay, in his official capacity as Director of the Arizona Department of Child Safety ("DCS"); and Cory Nelson, in his official capacity as Director of the Arizona Department of Health Services, through counsel, stipulate to the entry of a Protective Order in this case (attached as Exhibit A). The Protective Order is intended to protect the identity of the minor Plaintiffs by prohibiting public disclosure of identifying information about them, providing that such information shall be used for the purpose of this litigation only, and prohibiting disclosure of such information outside of the litigation.

Plaintiffs filed a Complaint naming ten minor Plaintiffs by initials seeking class action status. Plaintiffs' allegations focus on the provision of medical, mental health, and dental care to foster children in the State of Arizona and on the provision of services by DCS to protect the safety and well-being of those children. The parties agree that it is in the best interests of the minor Plaintiffs to keep their identities confidential both in the course of this litigation and outside of this litigation, and to prevent their identities or individually identifying information about them from being publicly disclosed. Such confidentiality will also be consistent with the parties' obligations of confidentiality pursuant to A.R.S. § 8-542.

The parties anticipate that further confidentiality protection shall be required prior to entering into formal discovery in this litigation in order to protect confidential information about the minor Plaintiffs and the putative Plaintiff class contained in such formal discovery.

The parties believe that good cause supports the entry of the proposed Protective Order, which goes beyond the protections of Fed. R. Civ. P. 5.2 in protecting the confidentiality of the minor Plaintiffs' identifying information in the following ways:

(1) By protecting the confidentiality of such information not only in the context of court filings but also by broadly prohibiting any public disclosure, use of such information for any purpose other than the litigation, and any disclosure of such information outside of the litigation.

(2) By providing that none of the exemptions provided for in Fed. R. Civ. P. 5.2(b) shall permit a party to file with the Court a document that contains Confidential Information without redacting such information or filing the document under seal; and

(3) By expanding the categories of information about the minor Plaintiffs that are protected by the Order beyond the categories provided in Fed. R. Civ. P. 5.2(a) to include any individually identifying information about the minor plaintiff.

As such, a Protective Order is appropriate in this case to preserve the best interests of the minor Plaintiffs. A proposed Order is submitted for the Court's consideration.

## CONCLUSION

For the above-stated reasons, the Parties request that the Court approve the proposed Protective Order filed with this Joint Motion.

DATED this ___ day of March, 2015.

| | |
|---|---|
| ARIZONA CENTER FOR LAW IN THE PUBLIC INTEREST | STRUCK WIENEKE & LOVE, P.L.C. |
| By /s/ Anne C. Ronan<br>   Anne C. Ronan<br>   Timothy M. Hogan<br>   514 W. Roosevelt Street<br>   Phoenix, AZ  85003<br><br>*Attorneys for Plaintiffs* | By /s/ Daniel P. Struck<br>   Daniel P. Struck<br>   Kathleen L. Wieneke<br>   STRUCK WIENEKE & LOVE, P.L.C.<br>   3100 West Ray Road, Suite 300<br>   Chandler, Arizona  85226<br><br>*Attorneys for Defendant Cory Nelson* |
| CHILDREN'S RIGHTS, INC. | ARIZONA ATTORNEY GENERAL'S OFFICE |
| By /s/ William Kapell<br>   William Kapell<br>   Julia L. Davis<br>   330 Seventh Avenue, Fourth Floor<br>   New York, NY  10001<br><br>*Attorneys for Plaintiffs* | By /s/ Robert L. Ellman<br>   Robert L. Ellman<br>   David D. Weinzweig<br>   Senior Litigation Counsel<br>   1275 W. Washington<br>   Phoenix, Arizona  85007<br><br>*Attorneys for Defendant Gregory McKay* |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Robert L. Ellman  robert.ellman@azag.gov
David D. Weinzweig  david.weinzweig@azag.gov
William A. Kapell  wkapell@childrensrights.org
Julia L. Davis  jdavis@childrensrights.org
Anne C. Ronan  aronan@aclpi.org
Timothy M. Hogan  thogan@aclpi.org

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/   Daniel P. Struck