Joseph Mais (005470)
Shane Swindle (011738)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
T: (602) 351-8000
F: (602) 648-7000
jmais@perkinscoie.com
sswindle@perkinscoie.com

Anne C. Ronan (006041)
Timothy M. Hogan (004567)
**ARIZONA CENTER FOR LAW IN THE
  PUBLIC INTEREST**
514 West Roosevelt Street
Phoenix, Arizona 85003
T: (602) 258-8850
F: (602) 258-8757
aronan@aclpi.org
thogan@aclpi.org

William Kapell (admitted *pro hac vice*)
Julia L. Davis (admitted *pro hac vice*)
Rachel B. Nili (admitted *pro hac vice*)
Adriana T. Luciano (admitted *pro hac vice*)
**CHILDREN'S RIGHTS, INC.**
330 Seventh Avenue, Fourth Floor
New York, New York 10001
T: (212) 683-2210
F: (212) 683-4015
wkapell@childrensrights.org
jdavis@childrensrights.org
rnili@childrensrights.org
aluciano@childrensrights.org

[Defendants' counsel listed on the signature page.]

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| B.K. by her next friend Margaret Tinsley; C.P. and B.T. by their next friend Jennifer Kupiszewski; A.T.; A.C-B; M.C-B; J.C-B; D.C-B; J.M. and J.C. by their next friend Susan Brandt, for themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>Gregory McKay, in his official capacity as Director of the Arizona Department of Child Safety; Cara M. Christ, in her official capacity as Director of the Arizona Department of Health Services; and Thomas J. Betlach, in his official capacity as Director of the Arizona Health Care Cost Containment System,<br><br>    Defendants. | No. 2:15-cv-00185-PHX-ROS<br><br>**PARTIES' JOINT SUBMISSION OF PROPOSED PROTECTIVE ORDER**<br><br>(Assigned to the Honorable Roslyn O. Silver) |

1  Pursuant to the Court's February 11, 2016 Order (Dkt. No. 77), the Parties hereby
2 submit a proposed protective order, attached hereto as Exhibit 1.  The Parties are in
3 agreement as to all provisions of the proposed order, with the exception of section 10.a(vi)
4 proposed by Plaintiffs and section 10.d proposed by Defendants.

Respectfully submitted this 19th day of February, 2016.

**PERKINS COIE LLP**
By  s/ Joseph Mais

Joseph Mais
Shane Swindle
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona  85012-2788

**ARIZONA CENTER FOR LAW IN THE PUBLIC INTEREST**

Anne C. Ronan
Timothy M. Hogan
514 West Roosevelt Street
Phoenix, Arizona  85003

**CHILDREN'S RIGHTS, INC.**

William Kapell
Julia L. Davis
Rachel Nili
Adriana T. Luciano
330 Seventh Avenue, Fourth Floor
New York, New York 10001

*Attorneys for Plaintiffs*

By  s/ Melanie G. McBride
**MARK BRNOVICH**
**ATTORNEY GENERAL**
Gary N. Lento
Joshua R. Zimmerman
Melanie G. McBride
1275 West Washington Street
Phoenix, Arizona 85007
Telephone:  (602) 542-3333

*Attorneys for Defendant McKay*

2

|  |  |
|---|---|
| 1 | By   s/ Daniel P. Struck |
| 2 | **STRUCK WIENEKE & LOVE PLC** |
|   | Daniel P. Struck |
| 3 | Kathleen L. Wieneke |
|   | Nicholas D. Acedo |
| 4 | Tara B. Zoellner |
| 5 | Timothy J. Bojanowski |
|   | 3100 W. Ray Road, Suite 300 |
| 6 | Chandler, Arizona 85226-2473 |
| 7 | Telephone: (480) 420-1622 |
| 8 | *Attorney for Defendant Christ* |
| 9 |  |
|   | By s/ Logan T. Johnston |
| 10 | **JOHNSTON LAW OFFICES, P.L.C.** |
|   | Logan T. Johnston |
| 11 | 1402 E. Mescal Street |
| 12 | Phoenix, Arizona 85020 |
|   | Telephone:  (602) 452-0615 |
| 13 |  |
| 14 | By |
|   | **LAW OFFICES OF CATHERINE DODD** |
| 15 | **PLUMB, P.L.C.** |
|   | Catherine D. Plumb |
| 16 | 17225 N. 16th Place |
| 17 | Phoenix, Arizona 85022 |
|   | Telephone: (602) 510-5184 |
| 18 |  |
| 19 | *Attorneys for Defendant Betlach* |

Case 2:15-cv-00185-ROS   Document 80   Filed 02/19/16   Page 4 of 20

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2016 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Gary N. Lento
gary.lento@azag.gov
Melanie G. McBride
Melanie.McBride@azag.gov
Joshua R. Zimmerman
Joshua.Zimmerman@azag.gov
OFFICE OF THE ATTORNEY GENERAL
1275 West Washington Street
Phoenix, Arizona 85007-2997

Daniel P. Struck
dstruck@swlfirm.com
Kathleen L. Wieneke
kwieneke@swlfirm.com
Nicholas D. Acedo
nacedo@swlfirm.com
Tara B. Zoellner
tzoellner@swlfirm.com
Timothy J. Bojanowski
tbojanowski@swlfirm.com
STRUCK WIENEKE & LOVE PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226

Logan T. Johnston
ltjohnston@live.com
JOHNSTON LAW OFFICES, P.L.C.
1402 E. Mescal Street
Phoenix, Arizona 85020

Catherine D. Plumb
plumblawoffice@gmail.com
LAW OFFICES OF CATHERINE DODD PLUMB, P.L.C.
17225 N. 16th Place
Phoenix, Arizona 85022

/s/ William Kapell

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| B.K. by her next friend Margaret Tinsley; C.P. and B.T. by their next friend Jennifer Kupiszewski; A.T.; A.C-B; M.C-B; J.C-B; D.C-B; J.M. and J.C. by their next friend Susan Brandt, for themselves and those similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>Gregory McKay, in his official capacity as Director of the Arizona Department of Child Safety; Cara M. Christ, in her official capacity as Director of the Arizona Department of Health Services; and Thomas J. Betlach, in his official capacity as Director of the Arizona Health Care Cost Containment System,<br><br>                Defendants. | No. 2:15-cv-00185-PHX-ROS<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER FOR PROTECTION OF PRIVILEGED / CONFIDENTIAL MATERIAL**<br><br>(Honorable Roslyn O. Silver) |

**IT IS HEREBY STIPULATED** by and among the undersigned parties, through their respective counsel, as follows:

1. **Applicability.** This Joint Stipulation and Confidentiality Order ("Order" or "Protective Order") binds the parties to this action, as well as any persons or entities that receive or review documents and/or materials covered by the terms of this Protective Order as authorized herein.

2. **Scope.** This Order shall govern all documents, information and discovery materials produced in this case or exchanged, whether formally or informally.

3. **Definitions.** The following definitions are used in this Order:

    a. "Counsel of Record," means the attorneys of record in this proceeding, their partners and associates, paralegals, clerks, assistants, and other persons

employed by such attorneys, all of whom shall be bound by the provisions of this Order.

 b. "Document" shall have the broadest possible meaning and shall include, without limitation: (i) any "writing," "recording," "photograph," "original," or "duplicate" as defined in Federal Rule of Evidence 1001; (ii) any and all tangible things upon which any handwriting, typing, printing, drawing, picture, representation, photostatic copy, magnetic or electric impulse, or other form of communication is recorded or produced; (iii) floppy disks, hard disks, compact disks (CD's), digital versatile discs (DVD's), magnetic tape or computer memory; (iv) written discovery responses and the contents thereof, including, without limitation, responses to Interrogatories, Requests for Admissions, and Document Requests; (v) deposition transcripts, video-taped depositions, and their contents; and (vi) any other physical means or medium or recording or storing information.

 c. "Party," shall mean, in the singular, as well as the plural, any named Plaintiff or Defendant in this action, and shall include any past and present directors, officers, or employees of any party.

 d. "Person," shall mean, in the singular as well as the plural, any individual, corporation, firm, association, partnership, business trust, governmental body, or any other legal business entity.

4. **Protected Parties.** Protected Confidential Documents and Personally Identifying Information, as defined in paragraphs 5 and 6, concerning the following persons shall remain confidential and subject to access, use and release only as authorized by this Order:

 a. Any minor child, including any named minor child plaintiff in this action, and their family; and

   b. Foster or adoptive families or any other individuals with whom a minor child plaintiff was placed while in out of home care.
5. **Personally Identifying Information.** "Personally Identifying Information" means, for the individuals identified in Paragraph 4, the following categories of information:
   a. Their full names;
   b. Their dates of birth;
   c. Their home or other physical addresses;
   d. Their contact information (including a postal, e-mail or Internet protocol address, or telephone or facsimile number);
   e. Their Social Security Numbers;
   f. Photographs, electronic, and other visual images of their faces; and
   g. Any other information, including the first and last names of parents, other relatives, or foster care parents, that, in combination with any other non-personally identifying information, would serve to identify the individual.
6. **Protected Confidential Documents.** "Protected Confidential Documents" means, for the individuals identified in Paragraph 4, the following categories of documents:
   a. DCS information (as defined by A.R.S. § 8-807 to mean all information DCS gathers during the course of an investigation from the time a file is opened and until it is closed, excluding information that is contained in child welfare agency licensing records);
   b. Court records of juvenile court proceedings, including all such records concerning proceedings related to dependency, foster care placement, termination of parental rights, guardianship, or pre-adoptive or adoptive placements;

  c. Documents generated by or provided to DCS in connection with dependency, termination of parental rights, guardianship, or adoption proceedings;

  d. Child welfare agency licensing records;

  e. Information that is protected under HIPAA, FERPA, or any other applicable state or federal law, and

  f. Documents that are designated as Protected Confidential Documents by parties or third-parties producing the information. Any party shall have the right to, in good faith, designate any documents, testimony, or other information derived therefrom as "Protected Confidential Documents." Such documents must be labeled by the designating party "Protected Confidential Document – Subject to Protective Order." Placing such a stamp or label on the cover of any multi-page document shall designate all pages of the document as Protected Confidential Documents unless otherwise indicated by the designating party. Documents that are so designated must be ones that the designating party believes, in good faith,

    i. Contain proprietary information, Personally Identifying Information, and/or information in which the Party or third parties have a privacy interest; or

    ii. Are subject to protection from disclosure, or limitation upon disclosure, under applicable law.

7. **Deposition Transcripts.** All deposition transcripts shall initially be treated as Protected Confidential Documents and be included within the terms of this Order without the necessity of so designating. Upon transcription of the deposition, counsel of record shall have twenty (20) calendar days after receipt of the transcript to notify the deposition reporter and other counsel of record in writing of the portions of the transcript to be designated as Protected Confidential Documents.

4

Depositing the written notice in the United States mail within such twenty (20) calendars days shall be deemed timely compliance with this requirement.  All other portions, or the entire transcript if no designation is made, shall not be Protected Confidential Documents and shall not be within the terms of this Order.  In addition, deposition testimony may be designated to be treated in the transcript as a Protected Confidential Document during the deposition by making the statement to that effect on the record.  In that case, the transcript of the designated testimony shall be stamped "Protected Confidential Document – Subject to Protective Order" by the reporter on the pages so designated.  The designating party may also direct that the material so designated as a Protected Confidential Document be bound in a separate volume marked "Protected Confidential Document – Subject to Protective Order."  Designating any portion of deposition testimony during the deposition to be treated in the transcript as a Protected Confidential Document shall not preclude a party from thereafter designating additional testimony to be treated as such by serving written notice in accordance herein.  All deposition transcripts shall be treated as Protected Confidential Documents until the expiration of the twenty (20) calendar day period set forth herein.

8. **Objections to Designation of Material as Protected Confidential Documents.** Any party may object to the propriety of designation pursuant to Paragraph 6.e of specific information as "Protected Confidential Document – Subject to Protective Order" by serving a written objection upon the producing party's counsel. The producing party or its counsel shall thereafter, within ten (10) calendar days, respond to such objection in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. If the objecting party and the producing party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the objecting party may move the Court for an order withdrawing the designation as to the specific designations

on which the parties could not agree. Counsel may agree to reasonable extensions of the ten (10) day period, if necessary. On such a motion, the producing party shall have the burden of proving that good cause exists for the designation at issue and that the material is entitled to protection. In the event a motion is filed by the objecting party, the information at issue shall continue to be treated in the manner as designated by the producing party until the Court orders otherwise. A receiving party may challenge a designation at such time as the receiving party deems appropriate.

9. **Failure to Designate Protected Confidential Documents**. A party or third party who produces but fails to designate an item as a Protected Confidential Document may later so designate the Confidential Material. Such a later designation shall be made in writing. Upon receipt of such notice, the receiving party shall thereafter treat the Protected Confidential Documents in accordance with the designation. The receiving party shall provide a copy of this Order and written notice of the corrected designation to any third parties who previously received the material.

10. **Access to Protected Confidential Documents and Personally Identifying Information.**
    a. All Protected Confidential Documents and Personally Identifying Information shall be treated and maintained in a matter that precludes access by any person or entity not entitled to access under this Order. Protected Confidential Documents and Personally Identifying Information shall be disclosed only to the following persons/entities and in accordance with the other provisions of this Order:
        i. Counsel and any firm/entity that has filed an appearance on behalf of a party, including their legal, paralegal, secretarial, legal intern, clerical personnel, and other staff who are engaged in assisting such counsel in this action;

      ii.   Any investigator, independent outside expert or consultant, and employees and assistants under the control of such investigator, expert or consultant, who is employed or engaged by counsel;

      iii.  Employees, including In-House Counsel, of departments, divisions, bureaus and agencies of the United States or of the State of Arizona that are assisting counsel in this action;

      iv.  Mediators and or discovery referees selected by Counsel of Record on behalf of the parties, or appointed by the Court in this action;

      v.   Persons noticed for deposition, if the counsel noticing the deposition believes, in good faith, that Protected Confidential Documents and/or Personally Identifying Information is/are reasonably necessary, and even then, any disclosure is limited to only that portion of the Protected Confidential Documents and/or Personally Identifying Information as counsel believes, in good faith, to be reasonably necessary;

      vi.  **[PLAINTIFF'S PROPOSAL**: Prospective trial witnesses, if the counsel communicating with the prospective trial witness believes, in good faith, that Protected Confidential Documents and/or Personally Identifying Information is/are reasonably necessary, and even then, any disclosure is limited to only that portion of the Protected Confidential Documents and/or Personally Identifying Information as counsel believes, in good faith, to be reasonably necessary;]

      ~~v.~~vii.  Any person agreed to by counsel for all parties.

      ~~vi.~~viii.  Any person who authored or originally received the particular documents;

      ~~vii.~~ix.  Any court or other reporter or typist recording or transcribing testimony;

7

      viii.x.   The Court, its clerk, and court personnel; and

      ix.xi.   Any person designated by the Court in the interests of justice, upon such terms as the Court deems proper.

  b. Protected Confidential Documents and Personally Identifying Information shall not be disclosed to persons described in Paragraph 10.a.ii-vii until such persons have been provided with a copy of the Order and have agreed to abide by and comply with the terms and provisions herein by signing a copy of <u>Appendix A</u> to this Order.

  c. Protected Confidential Documents (and the information contained therein) and Personally Identifying Information can be disclosed to each Plaintiff's respective Next Friend upon the court's finding that the Next Friend is a suitable representative under Fed. R. Civ. P. 17(c). No Next Friend shall disclose Protected Confidential Documents (or the information contained therein) or Personally Identifying Information about the named plaintiff(s) she represents to the Next Friends of other named plaintiffs.

  d. **[DEFENDANTS' PROPOSAL**: Defendants are permitted to redact Personally Identifying Information and Protected Confidential Documents of any non-party.]

11. **Use and Disclosure of Protected Confidential Documents and Protected Personally Identifying Information.**

  a. Subject to the rules of evidence, this Order, and any other orders of the Court, the parties may not append Protected Confidential Documents in a pleading, filing, hearing, trial, or other proceeding in this action without filing under seal.  Without filing under seal, the parties may redact or describe information contained in the Protected Confidential Documents so long as the parties do not disclose Protected Personally Identifying

8

Information. In place of an individual's full name, the parties may substitute initials consistent with the requirements of Fed. R. Civ. P. 5.2.

    b. Notwithstanding these requirements, the person who is the subject of Protected Confidential Documents or Protected Personally Identifying Information, or is that person's legal guardian, may authorize the use of his or her own information for any purpose.

    c. Protected Confidential Documents and Protected Personally Identifying Information will be kept confidential and not disclosed, including in response to requests under the Freedom of Information Act, 5 U.S.C. § 552, or any other open records law absent good cause shown in this Court, or absent a Court Order requiring disclosure. The party subject to such a request for disclosure shall indicate that such documents / information are subject to non-disclosure pursuant to this Order.

    d. Protected Confidential Documents, the information contained in Protected Confidential Documents, and Protected Personally Identifying Information provided pursuant to this Order may not be used for any purpose other than in this Federal Action, Case No. 15-CV-00185.

    e. Nothing in this Stipulation and Order is intended to prevent the Defendants or their employees or agents from having access to Protected Confidential Documents and/or Protected Personally Identifying Information to which they have access in the normal course of their duties or from utilizing such information in the ordinary course of operation of their respective agencies.

12. **Claw-Back.** There shall be no waiver by disclosure. This Stipulation and Order is entered pursuant to Federal Rule of Evidence 502(d). Subject to the provisions of this Order, if a Disclosing Party discloses information in connection with this pending litigation that the Disclosing Party thereafter claims, in good faith, to be privileged or protected, the disclosure of that information will not constitute or be

9

deemed to be a waiver or forfeiture in this action or any other action, of any claim of privilege or protection that the Disclosing Party would otherwise be entitled to assert with respect to that information and its subject matter. The parties agree to the following claw-back procedures for inadvertently disclosed documents:

    a. For the purposes of this claw-back agreement, an inadvertently disclosed document is a document, material, or information (including but not limited to electronic data) that could have been withheld, in whole or in part, based on a legitimate claim of attorney-client privilege, work-product protection, other applicable privilege, or which contains or reflects the impressions, conclusions, opinions, legal research or theories of legal counsel.

    b. A party does not waive any claim of privilege as to any inadvertently disclosed document.

    c. If a party receives or discovers documents, material, or information that the party knows or has any reason to believe constitute an inadvertently disclosed document, the receiving party shall: (1) promptly notify the producing party and immediately refrain from reading the item; (2) promptly and permanently delete electronic files and data and destroy paper documents; and (3) certify in writing to the producing party that the files, data, and documents have been properly deleted or destroyed.

    d. If a party discovers that it has produced an inadvertently disclosed document, the producing party shall notify any other party within 15 calendar days from the date that the party reasonably becomes aware of the inadvertent disclosure, of its claim of privilege pertaining to the inadvertently disclosed document. On receiving this notice, the other party shall: (1) immediately refrain from reading the item; (2) permanently delete electronic files and data and destroy paper documents;

10

        and (3) certify in writing to the producing party that the files, data, and documents have been properly deleted or destroyed. If a document is part of a filing with the Court, the party invoking this paragraph will raise the issue with the filing party, and the filing party will either withdraw the document or the parties will agree to brief the issue for the Court, but the filing party shall have no obligation to withdraw the document from the record until the Court resolves the dispute. In no event is a party required to destroy filings with the Court.

   e.   Within 20 calendar days of the date the producing party becomes aware of the disclosure of an inadvertently disclosed document, the producing party shall serve a privilege log on the other parties covering the clawed-back documents, material, or information.

   f.   Subject to the foregoing, if a dispute develops as to whether a privilege exists, all parties shall not disclose, offer, or otherwise use the disputed material in any way, including in these proceedings (other than as necessary to raise the dispute over the document with the court), until the issue is resolved by the parties or the Court.

**13. No Waiver.** This Order does not constitute a waiver on any Party's rights to object to discovery on any grounds.

**14. Court Governance.** Questions of the protection of Protected Confidential Documents and Protected Personally Identifying Information during trial will be presented to the Court prior to or during trial as each party deems appropriate.

**15. Subpoena / Order From Other Court**. If another court or administrative agency subpoenas or orders production of Protected Confidential Documents that a Party has obtained under the terms of this Order, such Party shall promptly notify the designating party of the pendency of the subpoena or order and shall not produce the Protected Confidential Documents until the designating party has had

11

reasonable time to object or otherwise to take reasonable steps to protect the Protected Confidential Documents.

16. **Modifications.**  Any party may apply to this Court for relief from, enforcement of, and/or modification of this Order, or for additional protective orders.  In addition, the named parties, through counsel, may mutually agree to seek a modification of this Protective Order from the Court.

17. **Termination.**  This Order shall remain in full force and effect until modified, superseded, or terminated by order of the Court, without regard to the conclusion of this litigation or any subsequent appeals.  Protected Confidential Documents and Protected Personally Identifying Information in the possession of the parties or any person described in Paragraph 10.a.i-vii, including all copies, must either be returned to the providing party or destroyed within 90 days after this litigation and all subsequent appeals conclude, except as prohibited by state or federal law.  Court filings in this action and work product containing information protected by this Order are not required to be destroyed at the conclusion of the litigation and any subsequent appeals.

18. **Entire Stipulation and Order**.  This fifteen (15) page Stipulation and Order (including signature line pages, Order page, and Appendix A) constitutes the entire Stipulation and Order between the Parties regarding the issues herein. All prior stipulations, agreements, negotiations, understandings, etc., are superseded by this Stipulation and Order.

19. **Counterparts**.  This Order may be executed by Counsel of Record in counterparts and fax signatures shall be deemed to be original signatures and shall have the same force and effect as an original signature.

**SO STIPULATED**

12

## DEFENDANTS

Dated:_____   **MARK BRNOVICH - ATTORNEY GENERAL**

_____
Gary N. Lento
Melanie G. McBride
Joshua R. Zimmerman
*Attorneys for Gregory A. McKay, in his official capacity as Director of the Arizona Department of Child Safety*

Dated:_____   **STRUCK WIENEKE & LOVE, P.L.C.**

_____
Daniel P. Struck
Kathlen L. Wieneke
Timothy J. Bojanowski
Nicholas D. Aceto
*Attorneys for the Cara M. Christ, in her official capacity as Director of the Arizona Department of Health Services*

Dated:_____   **JOHNSTON LAW OFFICES, P.L.C.**

_____
Logan T. Johnson
*Attorneys for Thomas J. Betlach, in his official capacity as Director of the Arizona Health Care Cost Containment System*

Dated:_____   **LAW OFFICES OF CATHERINE DODD PLUMB, P.L.C.**

_____
Catherine Dodd Plumb
*Attorneys for Thomas J. Betlach, in his official capacity as Director of the Arizona Health Care Cost Containment System*

## **PLAINTIFFS**

Dated:_____  **CHILDREN'S RIGHTS, INC.**

　

_____
William Kapell (admitted *pro hac vice*)
Julia L. Davis (admitted *pro hac vice*)
Rachel B. Nili (admitted *pro hac vice*)
*Attorneys for the Plaintiffs*

Dated:_____  **PERKINS COIE, LLP**

　

_____
Joseph Mais
Shane Swindle
*Attorneys for the Plaintiffs*

Dated:_____  **ARIZONA CENTER FOR LAW IN THE PUBLIC INTEREST**

　

_____
Anne C. Ronan
Timothy M. Rogan
*Attorneys for the Plaintiffs*

## **ORDER**

**IT IS SO ORDERED** in accordance with the foregoing Stipulation.

Dated:_____  _____
**The Honorable Roslyn O. Silver**
Senior United States District Court Judge

14

# APPENDIX A:

# PROTECTIVE ORDER AGREEMENT

    I have read the Protective Order issued by the United States District Court for the District of Arizona in *Tinsley, et al. v. McKay*, 2:15-CV-00185-PHX-ROS, on _____ [date issued].  I understand the terms of the Order, I agree to be fully bound by the terms of the Order unless and until modified by further order of the Court and I hereby submit to the jurisdiction of the United States District Court for the District of Arizona for purposes of enforcing the order.

By: _____

Printed Name: _____          Dated: _____