1  | <u>Mark Brnovich</u> (Firm State Bar No. 14000)
2  | Attorney General

3  | <u>Gary N. Lento</u>, Bar No. 028749
   | <u>Melanie G. McBride</u>, Bar No. 023348
4  | <u>Joshua R. Zimmerman</u>, Bar No. 025876
5  | 1275 W. Washington
   | Phoenix, Arizona 85007-2997
6  | Telephone: (602) 542-8305
   | Fax:  (602) 542-8308
7  | <u>Gary.Lento@azag.gov</u>
   | <u>Melanie.McBride@azag.gov</u>
8  | <u>Joshua.Zimmerman@azag.gov</u>

9  | *Attorneys for Defendant Gregory McKay, in his Official Capacity as Director of the*
10 | *Arizona Department of Child Safety*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

B.K. by her next friend Margaret Tinsley; C.P. and B.T. by their next friend Jennifer Kupizewski; A.T.; A.C-B; M.C-B; J.C-B; D.C-B; J.M. and J.C. by their next friend Susan Brandt, for themselves and those similarly situated,

                    Plaintiffs,

vs.

Gregory McKay, in his official capacity as Director of the Arizona Department of Child Safety; Cara M. Christ, in her official capacity as Director of the Arizona Department of Health Services; and Thomas J. Betlach, in his official capacity as Director of the Arizona Health Care Cost Containment System,

                    Defendants.

Case No: 2:15-cv-00185-PHX-ROS

**DEFENDANT'S SUR-REPLY TO PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR APPOINTMENT OF NEXT FRIENDS UNDER FEDERAL RULE OF CIVIL PROCEDURE 17(C)**

(Assigned to the Hon. Roslyn O. Silver)

1    Defendant, Greg McKay, in his Official Capacity as Director of the Arizona
2    Department of Child Safety ("Defendant," or "DCS") respectfully submits this Sur-
3    Reply in opposition to Plaintiffs' *Reply Memorandum in Support of their Motion for*
4    *Appointment of Next Friends under Federal Rule of Civil Procedure 17(c)* ("Reply").
5    [Doc. 108]

6                                    **I**

7                              **INTRODUCTION**

8    At a hearing held on March 11, 2016, this Court heard arguments concerning
9    Defendants' *Joint Opposition to Plaintiffs' Motion for Appointment of Next Friends*
10   *Under Federal Rule of Civil Procedure 17(c)* ("Joint Opposition") [Doc. 95]  After
11   hearing arguments, this Court ordered the Parties to meet and confer about appropriate
12   potential next friends.  The Parties complied with this Court's order, holding a telephone
13   conference on March 16, 2016.  *See*, Notice of Compliance [Doc. 111]

14   On March 17, 2016, Plaintiffs' filed their 20-page Reply.  [Doc. 108]  On March
15   18, 2016, the Defendants' filed an *Unopposed Joint Motion for Leave to File a Sur-*
16   *Reply*.  [Doc. 112]  On March 18, 2016, this Court granted Defendants' Unopposed
17   Motion, allowing a nine page Sur-Reply to be filed by March 23, 2016.  [Doc. 115]

18                                   **II**

19                       **NEXT FRIEND REQUIREMENTS**

20   The "burden is on the 'next friend' clearly to establish the propriety of his status
21   and thereby justify the jurisdiction of the court."  *Whitmore v. Arkansas,* 495 U.S. 149,
22   164, 110 S.Ct. 1717, 1727, 109 L.Ed.2d 135 (1990).  In a federal action, a district court
23   has the discretion and authority to remove a next friend to protect the best interests of a
24   minor or incapacitated person.  *Hulstedt v. City of Scottsdale,* 2011 WL 772387, * 2
25   (D.Ariz. March 1, 2011) (citing *Estate of Escobedo v. City of Redwood City,* 2006 WL
26   571354, * 7 (N.D.Cal. March 2, 2006).

27
28
                                     1

A person may gain standing to sue as a next friend on behalf of a minor or incompetent person if he or she can both "(1) provide an adequate explanation, such as inaccessibility, mental incompetence, or other disability, why the real party in interest cannot appear on his own behalf to prosecute the action; and (2) be truly dedicated to the best interests of the person on whose behalf he or she seeks to litigate and have some significant relationship with the real party in interest." *Gonzalez v. Arizona Dep't of Health Servs.*, No. CV08-2391-PHX-DGC, 2009 WL 383535, at *1 (D. Ariz. Feb. 13, 2009) (quoting *Miller ex rel. Jones v. Stewart,* 231 F.3d 1248, 1251 (9th Cir.2000)); *see also Matter of Guardianship of Kelly,* 184 Ariz. 514, 910 P.2d 665 (Az.Ct.App.1996); *K.T. v. Ramos,* No. CV-11-156-PHX-LOA, 2012 WL 443732, at *4-5 (D. Ariz. Feb. 13, 2012). The next friend should be tasked "with first determining whether [the real party in interest] best interests are served by remaining in this suit and, if the answer to that question is yes, representing her best interests throughout the pendency of this matter." *Hulstedt,* No. CV-09-1258-PHX-MHM, 2011 WL 772387, at 3.

## III

## PLAINTIFFS' PROPOSED NEXT FRIENDS ARE NOT APPROPRIATE

As shown herein, as well as in Defendants' Joint Opposition, Plaintiffs have failed to satisfy the requirements for next friend status for any of the three proposed next friends, Susan Brandt, Jennifer Kupizsewski and Margaret Tinsley.

The proposed next friends have had 13 months since the filing of the Complaint as far back as February 3, 2015 to establish a relationship that would satisfy the requirements for next friend status, but have failed to do so. *See, Whitmore v. Arkansas*, 495 U.S. 149, 164; *Coalition of Clergy, Lawyers, and Professors, et al., v. Bush, et al.*, 310 F.3d 1153, 1161-1162 (2002) (some significant relationship with real party in interest is required to ensure that the next friend is fully dedicated to serving the minor's interests). If they were truly concerned with the best interests of the Named Plaintiffs they would have attempted to meet with and understand these children's circumstances.

1   Although they have had over a year to do so, they have not. This failure to establish a

2   relationship clearly shows that the proposed next friends are not concerned with the best

3   interest of the children, but instead those of themselves or CRI.

4   **A.**      **SUSAN BRANDT IS NOT AN APPROPRIATE NEXT FRIEND FOR C-B**

5              **SIBLINGS AND J.M.**

6          Ms. Brandt has submitted two declarations [Doc. 85 & 110] in support of

7   Plaintiffs' Motion. Noticeably absent from both declarations is any averment that Ms.

8   Brandt has met with the children, let alone that she has discussed the responsibilities and

9   duties associated with being a plaintiff in this matter, and the possibility of testifying in

10  this case.  Therefore, she is incapable of attesting that it is in the best interests of the

11  Named Plaintiffs for whom she is to represent, to participate as Plaintiffs in this class

12  action.

13         At best, Ms. Brandt "believe[s]" that the Named Plaintiffs "wish [her] to pursue

14  their claims in this case." [Doc. 110, p. 1:25-26]  That "belief" is not based on any

15  personal conversations with the Named plaintiffs. Instead it is based on unsupported

16  hearsay that the Named Plaintiffs' attorneys in the dependency matters allegedly

17  discussed this issue with the Named Plaintiffs.[1] [*See* Doc. 110, p. 1:26-27]  That

18  speculative statement also assumes that the attorneys also fully apprised the children

19  about the duties and responsibilities associated with serving as a class representative,

20  which is unlikely.

21         1.   **Ms. Brandt's Testimony Shows She is Pursuing Her Own Ideological**

22              **Goals, and Not the Bests Interests of the Children**

23         Plaintiffs' counsel admits that Ms. Brandt contacted CRI to obtain "legal advice,"

24  and "ultimately retained [CRI] to litigate the instant case." [Doc. 108, p. 14:21-22]

25  _____

26  [1] This statement should be dismissed out of hand as a violation of Federal Rule of
    Evidence 602 which requires that "a witness may testify to a matter only if evidence is
    introduced sufficient to support a finding that the witness has *personal knowledge of the*
27  *matter*." (Italics added.) Further, any basis for this unsupported statement would
    constitute inadmissible hearsay.  *See*, Fed. R. Evid. §§ 802 and 802.

28

1    Further, Ms. Brandt openly opines that "this case targets systemic deficiencies far

2    outside [her] responsibilities …" [Doc. 110, p. 4:8-9]

3          Accordingly, there is clear evidence that Ms. Brandt seeks to advance her own

4    ideological goals. Yet, absent is an averment that the pursuit of this case is in the

5    individual best interest of the children she supposedly represents.

6          Plaintiffs claim that they "do not challenge any individual decisions of the

7    Juvenile Court relating to their placements and services." [Doc. 108, p. 13:9-10]  Yet,

8    they mislead the Court as to what truly occurred in the Juvenile Courts.

9          In this regard, Ms. Brandt testifies that the Juvenile Court found that "no

10   reasonable efforts" were made and called DCS's conduct "appalling."  [Doc. 110, p.

11   2:26-27] But, Ms. Brandt's testimony is belied by the Juvenile Court's Minute Entries.

12         Specifically, in September of 2014, the juvenile court judge took "special note of

13   the efforts that the DCS caseworker has made and trying to provide services in a very

14   complicated case and DIRECTS the Clerk to send a copy of this Minute Entry to his

15   supervisor."  [Exhibit 1] The judge further found that "[t]he *Department has made*

16   *reasonable efforts* to achieve the case plan goal of reunification by providing the

17   following services: substance abuse testing, referrals to [ ] for parenting, substance abuse

18   treatment, domestic violence, psychiatric evaluations, psychological evaluations,

19   visitation, parent-child relationship therapy." (Italics added.)  *Ibid.*

20         Further, the Juvenile Court's Minute Entry dated January 13, 2015, which

21   predates the filing of this case by just three weeks, states: "The Department has *made*

22   *reasonable efforts* to effectuate the case plan goal of family reunification by offering

23   services such as case management, collaboration with service providers, referrals to

24   Arizona Family F.I.R.S.T. and RBHA, supervise visitation, Child and Family Team

25   meetings, behavioral change assessments, urinalysis testing, psychological evaluation,

26   referral to CPES, and Arizona Children's Association in-home services for [Parent]".

27   (Italics added.)  [Exhibit 2]

28

Ms. Brandt's attempt to mislead this Court is evidence that she wants to be involved in this matter for her own reasons and not because it is in the individual best interests of the children.

**2.  Ms. Brandt Likely Violated A.R.S. § 8-807, Which Also Poses A Concern Over Her Appropriateness As A Next Friend.**

Julia L. Davis, an attorney with CRI attests that Ms. Brandt did not provide CRI with any personally identifying information about the Named Plaintiffs until March of 2015.  [Doc 109, p. 3:18-20]  Such testimony flies in the face of the detailed allegations within the Complaint.

Here, the Complaint spends about 17 pages alleging in detail the circumstances of the Named Plaintiffs' lives, including physical and mental health treatment, placements, schooling, etc. [Doc. 1, pp. 5-22] Such information is protected by Arizona Statutes as confidential.  *See*, A.R.S. §§ 8-807, 8-542.  Clearly someone disclosed this confidential material to CRI.  It is reasonable to presume it was Ms. Brandt based on the testimony provided by Plaintiffs in support of this Motion. After all, Ms. Brandt contacted CRI before the Complaint was filed to seek legal advice and representation. It should also be noted that Ms. Brandt's declaration is silent as to Plaintiffs Counsel's claim that CRI did not receive confidential information from her prior to March of 2015, in violation of A.R.S. §§ 8-807 and 8-542.

**B.   MS. KUPISZEWSKI IS NOT AN APPROPRIATE NEXT FRIEND**

Ms. Kupiszewski does not provide any declaration in support of Plaintiffs' Reply. Instead, in an effort to remedy the frailties associated with Ms. Kupiszewski's declaration submitted in support of Plaintiffs' Motion [Doc. 86], Ms. Davis's Declaration includes improper double hearsay that is not based on personal knowledge. [*See*, Doc 109, ¶ 5, p. 2:17-22; ¶ 7, p. 3:6-7]  Accordingly, those portions should be disregarded.

///

1    Regardless, as shown in Defendants' Joint Opposition, Ms. Kupiszewski is not

2    appropriate to serve as a next friend. [*See*, Doc. 95, pp. 10:11-12:10]  That is especially

3    true considering that after 13 months since the Complaint was filed she has failed to

4    establish an appropriate relationship with B.T. and/or C.P. to understand whether

5    participating in this lawsuit is in their best interests.

6    In fact, by her own testimony she has not met with C.P., nor has she taken any

7    steps to understand C.P.'s circumstances. That is shown by the fact that she apparently

8    does not know that C.P. is scheduled to be adopted March 24, 2016. Therefore, she is

9    unable to aver it is in his best interests to participate as a plaintiff in this class action.

10   As for B.T., she has met him on just one occasion – while he was in custody.

11   This is hardly a setting to ascertain the objective facts of B.T.'s circumstances.  Further,

12   that one meeting occurred about a day before the Complaint was filed (or possibly after

13   the complaint was filed.) [*See* Doc. 86, p. 3:14.]  A one-time meeting in a detention cell

14   does not constitute a "substantial relationship" such that Ms. Kupizsewski can attest that

15   it is in B.T.'s bests interests to participate as a plaintiff.  Further, the lack of any attempts

16   to establish a relationship over the past 13 months shows that she is not truly interested

17   in the best interests of B.T. and/or C.P. *See*, *Whitmore, supra*, at pp.163-164; *Coalition*

18   *of Clergy, supra*, at pp. 1161-1162.

19   **C.    MARGARET TINSLEY IS NOT AN APPROPRIATE NEXT FRIEND**

20   Ms. Tinsley does not provide any declaration in support of Plaintiffs' Reply.

21   Instead, in an effort to remedy the frailties associated with Ms. Tinsley's declaration

22   submitted in support of Plaintiffs' Motion [Doc. 86], Ms. Davis's Declaration includes

23   improper testimony that is not based on personal knowledge and double hearsay. [*See*,

24   Doc. 109, ¶ 8, p. 3:13-16]  Accordingly, that portion should be disregarded.

25   As with the other proposed next friends, Ms. Tinsley has taken no steps to

26   establish any form of relationship with B.K. Accordingly she is unable to assure this

27   Court that it is in the best interests of B.K. to participate as a plaintiff.  Instead, her

28

6

1   failure to establish any relationship is clear evidence that she is not truly dedicated to the

2   best interests of B.K. *See*, *Whitmore, supra*, at pp.163-164; *Coalition of Clergy, supra*, at

3   pp. 1161-1162. Instead, she is pursuing this matter for her own ideological goal or for

4   the benefit of CRI.

5                                                  **IV**

6            **DEFENDANTS HAVE IDENTIFIED POTENTIAL NEXT FRIENDS**

7                         **FOR THIS COURT'S CONSIDERATION**

8            Plaintiffs incorrectly argue that Defendants "have been unable to identify any

9    viable options for individuals with a relationship with the Named Plaintiffs who would

10   be able to objectively and effectively represent their interests in this lawsuit and who

11   would be more suitable next friends for these children …"  [Doc. 108, p. 8:3]

12   Defendants have, in fact, identified numerous potential next friends, some of whom

13   know the Named Plaintiffs and would be good candidates to represent their interests in

14   this lawsuit. *See*, Notice of Compliance [Doc. 111]  But Plaintiffs' Counsel rejected

15   every suggested next friend without even knowing their name or the extent of their

16   involvement with the Named Plaintiffs.  [Doc. 108, pp. 9:1-10:5]  This Court should

17   consider these potential Next Friends.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**V**

**CONCLUSION**

For the reasons shown herein, as well as in Defendants' Response to Plaintiffs' Motion to Appoint Next Friends, this Court should exercise its authority and deny appointment of these next friends and initiate a process for identifying and appointing neutral next friends for the Named Plaintiffs.

**RESPECTFULLY SUBMITTED** this 23rd day of March, 2016.

MARK BRNOVICH
Arizona Attorney General


s/ Gary N. Lento
Gary N. Lento
Melanie G. McBride
Joshua R. Zimmerman
*Attorneys for Defendant Gregory McKay, in his Official Capacity as Director of the Arizona Department of Child Safety*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23rd, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following, if CM/ECF registrants:

Joseph Mais (005470)
Shane Swindle (011738)
  PERKINS COIE LLP
  2901 N. Central Avenue, Suite 2000
  Phoenix, Arizona  85012-2788

Anne C. Ronan
Timothy M. Hogan
  ARIZONA CENTER FOR LAW IN THE PUBLIC INTEREST
  514 W. Roosevelt St.
  Phoenix, AZ  85003

William Kapell
Julia L. Davis
  CHILDREN'S RIGHTS, INC.
  330 7th Ave., 4th Floor
  New York, NY  10001

*Attorneys for Plaintiffs*

Daniel P. Struck
Kathleen L. Wieneke
  STRUCK WIENEKE & LOVE PLC
  3100 W Ray Rd., Ste. 300
  Chandler, AZ  85226-2473
  *Attorney for Defendant CARA M. CHRIST, in her official capacity as Director of the Arizona Department of Health Services*

Logan T. Johnston, III
  JOHNSTON LAW OFFICES, PLC
  1402 E. Mescal St.
  Phoenix, AZ 85020

Catherine Dodd Plumb
  LAW OFFICES OF CATHERINE DODD PLUMB, P.L.C.
  17225 N. 16th Place
  Phoenix, AZ 85022

1
2

*Attorney for Defendant THOMAS J. BETLACH, in his official capacity as Director of the Arizona Health Care Cost Containment System*

3

4

MARK BRNOVICH
Attorney General

5

6

s/ Melanie G. McBride

7

Gary N. Lento
Senior Litigation Counsel

8

*Attorney for Defendant GREGORY A. McKAY, in his official capacity as Director of the Arizona Department of Child Safety*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10