# EXHIBIT 6

**COHEN DOWD QUIGLEY**
The Camelback Esplanade One
2425 East Camelback Road, Suite 1100
Phoenix, Arizona 85016
Telephone 602•252•8400

Daniel P. Quigley (009809)
Email: dquigley@CDQLaw.com
Cindy C. Albracht-Crogan (020336)
Email: ccrogan@CDQLaw.com
Stacey F. Gottlieb (015084)
Email: sgottlieb@CDQLaw.com
Lauren M. Koloseike (029860)
Email: lkoloseike@CDQLaw.com

**Ellman Weinzweig LLC**
330 East Thomas Road
Phoenix, Arizona 85012
Telephone: (480) 630-6480

David D. Weinzweig
Email: ddw@ewlawaz.com
Robert L. Ellman
Email: rle@ewlawaz.com

Attorneys for Defendant Gregory McKay

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| B.K. by her next friend Margaret Tinsley, et al., | Case No: 2:15-cv-00185-PHX-ROS |
|---|---|
| Plaintiffs, | |
| vs. | **DEFENDANTS' AFFIRMATIVE EXPERT WITNESS DISCLOSURE STATEMENT** |
| Gregory McKay, in his official capacity as Director of the Arizona Department of Child Safety, et al., | |
| Defendants. | |

Pursuant to the Fourth Amended Scheduling Order, Defendant Gregory McKay makes the following disclosures of his affirmative expert witnesses. Consistent with the

Fourth Amended Scheduling Order, Defendant McKay will make his disclosures with respect to rebuttal experts on or before February 5, 2018.

I.   **DISCLOSURES PURSUANT TO FED. R. CIV. P. 26 (A)(2)(B).**

    1.   The Honorable Maura D. Corrigan (Ret.): *See* accompanying Expert Report.

    2.   Joseph Murli: *See* accompanying Expert Report.

II.  **DISCLOSURES PURSUANT TO FED. R. CIV. P. 26 (A)(2)(C).**

Pursuant to Rule 26(a)(2)(C), Defendant McKay discloses the following DCS employees who are not retained or specially employed to provide expert testimony and whose job duties do not regularly involve giving expert testimony. Each individual has already been disclosed as a lay witness and each, with the exception of Dr. Sara Park, has been deposed at least once in this matter. This additional disclosure is made only as their testimony at trial may in part fall within Federal Rules of Evidence 702, 703 or 705.

    1.   Gregory McKay

        a.   The subject matters on which Mr. McKay will testify are set forth in Defendant McKay's Third Supplemental Disclosure Statement.

        b.   The opinions that Mr. McKay may offer that may fall within Federal Rules of Evidence 702, 703 or 705 include (i) those expressed in his deposition in this matter; (ii) DCS's success during his tenure in building sufficient capacity to deliver foster care that meets or exceeds levels of care in other child welfare systems including DCS's strategic plans and initiatives and the reasons for those plans and initiatives; (iii) that under his leadership, DCS correctly identified problems or short comings in how DCS was providing foster care services, intelligently prioritized those items and effectively responded to each item to lessen the risk of harm to and improve outcomes for Arizona foster children; (iv) that indicia of DCS's effective management are reflected in key measures including but not limited to the significant decrease in the number of children placed into DCS's care, reduction of investigative backlog, shorter intervals from removal to permanency, and decreasing use of congregate care, (v) that DCS is capably and effectively managing placement of out-of-home children, the ability of case managers to carry out their

responsibilities to foster children, and the delivery of medical, dental and behavioral health care to foster children; and (vi) DCS's performance on key child welfare measures compares favorably to other foster care agencies in the United States and ranks among the best in a number of categories such as time to permanency, reduction of number of children in out-of-home care, re-entry into care, incidence of maltreatment in care and kinship placement.

2.   Shalom Jacobs

a.   The subject matters on which Ms. Jacobs may testify are set forth in Defendant McKay's Third Supplemental Disclosure Statement.

b.   The opinions that Ms. Jacobs may offer that may fall within Federal Rules of Evidence 702, 703 or 705 include (i) those expressed in her depositions in this matter; (ii) that DCS maintains a sufficient and appropriate placement array; (iii) that DCS does not over utilize congregate care, the proper and necessary uses of congregate and the national averages of congregate care placement; (iv) that DCS does not overload its ongoing and investigative case managers. Ms. Jacobs will explain the evolution of child welfare practices and its impact on workloads, the significant difference between workload and caseload, how DCS uses workload indicators and quality assurance data to assess workload, and the use of equalization practices to apportion workload among DCS regions and offices, and the material differences between state child welfare agencies that prevent an apples to apples comparison of workload and caseloads between agencies.

3.   Michael Faust

a.   The subject matters on which Mr. Faust may testify are set forth in Defendant McKay's Third Supplemental Disclosure Statement.

b.   The Opinions that Mr. Faust may offer that may fall within Federal Rules of Evidence 702, 703 or 705 include (i) those expressed in his deposition in this matter; (ii) that the new management system and processes DCS has implemented responded effectively and appropriately to the problems Plaintiffs allege exist in foster care in Arizona, including case manager workloads, appropriate placement of children in DCS custody and the delivery of medical and dental health care and behavioral care; (iii) that the

3

new management system/processes that DCS implemented resulted in material improvements in case manager workload, placement decisions and the timely delivery of medical, dental and behavioral care; and (iv) that the Arizona Foster Care system has adequate capacity and a sufficient number and type of foster care beds, and the appropriate metrics to continually assess this issue.

4. Katherine Guffey

a. The subject matters on which Ms. Guffey may testify are set forth in Defendant McKay's Third Supplemental Disclosure Statement.

b. The opinions that Ms. Guffey may offer that may fall within Federal Rules of Evidence 702, 703 or 705 include (i) those expressed in her depositions in this matter; (ii) that DCS maintains a sufficient and appropriate placement array; (iii) that DCS does not over utilize congregate care, the proper and necessary uses of congregate care and the national averages of congregate care placement; (iv) that DCS does not overload its ongoing and investigative case managers.  She will explain the evolution of child welfare practices and its impact on workloads, the significant difference between workload and caseload, how DCS uses workload indicators and quality assurance data to assess workload, the use of equalization practices to apportion workload among DCS regions and offices, the many steps DCS has taken to improve case workers' workloads, and the material differences between state child welfare agencies that prevent an apples to apples comparison of workload and caseloads; and (v) the meaning and purpose of various federally required reports, such as the Child and Family Service Review, and that Arizona compares favorably to the other states in many child welfare measures based on the federal data, and in fact is among the best in several measures.

5. Karla Mouw

a. The subject matters on which Ms. Mouw may testify are set forth in Defendant McKay's Third Supplemental Disclosure Statement.

b. The opinions that Ms. Mouw may offer that may fall within Federal Rules of Evidence 702, 703 or 705 include (i) those expressed in her depositions in this

4

matter; (ii) that CMDP has implemented reasonable and effective processes and improvements to monitor and facilitate the delivery of EPSDT and behavioral health services to foster children in DCS out of home care; (iii) that CMDP performs as well or better than other health plans for many EPSDT and other performance measures; (iv) that CMDP's quality management performance improvement measures are more stringent than AHCCCS' minimum performance standards and demonstrate CMDP's commitment to continuous improvement; (v) that CMDP's development and implementation of an onboarding process has resulted in a significant drop in the number of children for whom service delivery needs to be verified when a claim has not been received within 120 days or more in care; (vi) that related onboarding outreach to caregivers identifies appointments for EPSDT services that are scheduled, which allows CMDP to follow-up with the providers to confirm delivery of services before claims are received and provides an opportunity to educate or remind providers about claims requirements, all of which has improved and streamlined the claims verification process.

6. Dr. Sara Park.

a. The subject matters on which Dr. Park may testify are set forth in Defendant McKay's Third Supplemental Disclosure Statement.

b. Dr. Park may offer opinions that may fall within Federal Rules of Evidence 702, 703 or 705, including that: (i) CMDP provides reasonable and effective systemic oversight of the delivery of medical and dental services through claims based monitoring, quality of care reviews, response to issues identified through communications from caregivers, caseworkers, providers and other mechanisms, and performs as well or better than other Medicaid health plans on many performance measures; (ii) The medical and dental health of the DCS foster care population at large is not at unreasonable risk of harm systemically.  To the contrary, DCS takes appropriate and reasonable steps to address the medical and dental needs of the population.

. . .

. . .

5

DATED: January 5, 2018.

> COHEN DOWD QUIGLEY
> The Camelback Esplanade One
> 2425 East Camelback Road, Suite 1100
> Phoenix, Arizona  85016
>
> By:  /s/ *Daniel P. Quigley*
>      Daniel P. Quigley
>      Cindy C. Albracht-Crogan
>      Stacey F. Gottlieb
>      Lauren M. Koloseike
>
> Robert L. Ellman
> David D. Weinzweig
> **ELLMAN WEINZWEIG LLC**
> 330 East Thomas Road
> Phoenix, Arizona  85012
>
> Attorneys for Defendant Gregory McKay

# CERTIFICATE OF SERVICE

I certify that on January 5, 2018, I served the foregoing document upon the following counsel of record via electronic and U.S. mail:

Joseph Mais
Shane Swindle
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012

Harry Frischer
Aaron Finch
Daniele Gerard
Stephanie Persson
**CHILDREN'S RIGHTS, INC.**
88 Pine Street, Suite 800
New York, New York 10005

Anne C. Ronan
Timothy M. Hogan
**ARIZONA CENTER FOR LAW IN THE PUBLIC INTEREST**
514 West Roosevelt Street
Phoenix, Arizona 85003

Logan T. Johnston, III
**JOHNSTON LAW OFFICES, PLC**
1402 East Mescal Street
Phoenix, Arizona 85020

Daniel P. Struck
Nicholas D. Acedo
**STRUCK LOVE BOJANOWSKI & ACEDO, PLC**
3100 West Ray Road, Suite 300
Chandler, Arizona 85226

Catherine D. Plumb
**LAW OFFICES OF CATHERINE DODD PLUMB, PLC**
17225 North 16th Place
Phoenix, Arizona 85022

David D. Weinzweig
Robert L. Ellman
**ELLMAN WEINZWEIG LLC**
330 East Thomas Road
Phoenix, Arizona 85012

*/s/ Daniel P. Quigley*

7