**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| B.K. by her next friend Margaret Tinsley, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Michael Faust, et al., <br><br> Defendants. | No. CV-15-00185-PHX-ROS <br><br> **ORDER** |

The parties have filed a Joint Motion for Preliminary Approval of the Parties' Settlement Agreement. (Doc. 529.) This case was set for a bench trial to begin on August 25, 2020. On August 10, 2020, the parties filed a notice of settlement. (Doc. 521.) The Court held a telephonic hearing on August 11, 2020, at which the parties recited the basic principles of the settlement agreement. The Court raised concerns that the agreement was too vague regarding Defendants' timeline for compliance with the terms of the agreement and consequences for any potential breach of the agreement, and ordered a Mediator be selected. (Doc. 523.) The parties revised the settlement agreement to include a termination date, and the Court reviewed the revised settlement agreement and raised additional concerns. (Docs. 526, 528.) The revised settlement agreement ("Settlement Agreement") attached to the parties' Motion for Preliminary Approval as Exhibit 6 addresses the concerns the Court had previously raised.

## BACKGROUND

This Order (the "Preliminary Approval Order") incorporates by reference the

summaries of the litigation and the Settlement Agreement in the Motion for Preliminary Approval, and the definitions in the Settlement Agreement. In brief, this lawsuit was initiated by Plaintiffs on behalf of children in Arizona state foster care custody in February 2015. Defendants are the Director of the Arizona Department of Child Safety ("DCS") and the Director of the Arizona Health Care Cost Containment System ("AHCCCS"), in their official capacities. Plaintiffs "alleged systemic failures with respect to behavioral health services, physical and dental health services, the availability of appropriate family placements, and the timeliness of investigations of abuse and neglect exposed foster children to an unreasonable risk of harm and violated their federal statutory rights." (Doc. 529 at 1.) Plaintiffs sought class certification and declaratory and injunctive relief under 42 U.S.C. § 1983.

In September 2017, the Court certified the General Class,[1] the Non-Kinship Subclass,[2] and the Medicaid Subclass.[3] (Doc. 363.) Defendants appealed class certification, and the Ninth Circuit stayed discovery for over 15 months and affirmed the certification of the General Class and the Non-Kinship Subclass, but reversed the certification of the Medicaid Subclass. (Doc. 418.) Defendants petitioned for certiorari, which was denied. (Doc. 492.) On remand, the Court recertified the Medicaid Subclass in October 2019. (Doc. 461.) Defendants petitioned the Ninth Circuit for permission to file a second interlocutory appeal, but were denied. (Doc. 493.)

Over the course of the litigation, the parties engaged in extensive discovery and multiple rounds of expert discovery. After producing and analyzing over 1.5 million documents and 48 expert reports, the parties were prepared to use over 1400 exhibits, 13 expert witnesses, and dozens of other witnesses at trial. (Doc. 529 at 3–4, Doc. 529-3 at ¶ 10, Doc. 514.) Two weeks before trial, the parties reached a settlement. (Doc. 521.)

---

[1] All children who are or will be in the legal custody of DCS due to a report or suspicion of abuse or neglect.
[2] All members in the General Class who are not placed in the care of an adult relative or person who has a significant relationship with the child.
[3] All members of the General Class who are entitled to early and periodic screening, diagnostic, and treatment services under the federal Medicaid statute.

# ANALYSIS

At the preliminary approval stage, a court "must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." *Manual for Complex Litigation, Fourth* § 21.632 (2020).

## I. Preliminary Settlement Approval

Under Rule 23(e), before approving a proposed settlement, the Court must evaluate the proposed settlement for fairness, reasonableness, and adequacy. Fed. R. Civ. P. 23(e)(2). At the preliminary approval stage, the Court need consider "only whether the settlement agreement 'appears to be the product of serious, informed, non-collusive negotiations,' is fair, . . . has no obvious deficiency," and "falls within the range of possible approval." *Horton v. USAA Cas. Ins. Co.*, 266 F.R.D. 360, 363 (D. Ariz. 2009) (quoting *In re Nasdaq Mkt.-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997)). The Ninth Circuit in particular "put[s] a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution, and ha[s] never prescribed a particular formula by which that outcome must be tested." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (citations omitted).

### A. Serious, Informed, Non-Collusive Negotiations

The parties have litigated this case vigorously and in good faith for over five years, including extensive and disputed discovery, two interlocutory appeals to the Ninth Circuit, and a petition for certiorari in the Supreme Court. Dozens of expert reports were drafted and served, and the parties argued in depth the merits of Plaintiffs' experts' opinions in lengthy *Daubert* briefings. (Docs. 480–484, 489–490, 529-3 at ¶ 10.) The parties filed hundreds of pages of proposed findings of fact and conclusions of law. (Docs. 510, 512, 515.) And Plaintiffs filed a detailed pre-trial brief on the merits of their substantive due process claims. (Doc. 517.) By the time the parties reached settlement, the highly experienced counsel representing each side demonstrated a thorough understanding of the strengths and weaknesses of each claim. Class Counsel and the Class Representatives have

adequately represented the class throughout the length of the case, and adequately represented the class for the purpose of entering into and implementing the Settlement Agreement.

Furthermore, the parties had previously attempted settlement twice, but failed to reach agreement, and this Settlement Agreement was the product of months of intense arm's length negotiation, involving both lawyers and principals, and multiple rounds of proposed settlement language. (Doc. 529 at 10, Doc. 529-3 at ¶¶11–12.) The Settlement Agreement appears to be the product of serious, informed, non-collusive negotiations.

**B. Fairness, Obvious Deficiency, and Range of Possible Approval**

The Court must also consider whether the proposed settlement is fair, has no obvious deficiency, and falls within the range of possible approval. *Horton*, 266 F.R.D. at 363. The Settlement Agreement contains no obvious deficiencies that would prevent preliminary approval. Defendants have committed to making significant improvements to the availability of behavioral health services, the timeliness of health care delivery, and the availability of family foster care placement, among other improvements, and have committed to performance measures that will show whether children are actually receiving the services they are entitled to. This relief is adequate. The commitments to collect more data, and to monitor the workload of the caseworkers who are essential to the smooth functioning of the foster care system, are particularly positive signs, as the Court had previously noted the lack of detailed and current data and ordered Defendants to "be prepared to explain the changes in DCS reporting practices over the course of the litigation, including why certain performance measures are no longer tracked," at trial. (Doc. 499 at 11.) The Settlement Agreement, which will improve statewide policy and practice in a manner that will benefit all class members equitably relative to each other, is fair. Finally, the Settlement Agreement now includes a termination date and clear enforcement mechanisms, including explicit remedies for violations, and thus falls within the range of possible approval.

Because the "parties negotiated the amount of attorneys' fees [to be] awarded class

counsel as a term of the settlement agreement[,] . . . the merits settlement [is conditioned] upon judicial approval of the agreed-upon fees." *Staton v. Boeing Co.*, 327 F.3d 938, 969 (9th Cir. 2003). The Court, reviewing the attorneys' fee provisions, must "adequately police[]" the "inherent tensions among class representation, defendants['] interests in minimizing the cost of the total settlement package, and class counsel's interest in fees." *Id.* at 972 n.22. The rate structure of $630/hour for partners and lead counsel; $390/hour for senior associates; $325/hour for junior associates; and $125/hour for paralegals and support staff, while high for the Phoenix legal market, is appropriate for this labor-intensive, complex case that included two Ninth Circuit appeals and a Supreme Court certiorari petition.[4] Furthermore, the negotiated agreement, reached through arms-length negotiations, to settle all Plaintiff's claims for attorneys' fees and expenses, including any claim under 42 U.S.C. § 1988, for $6,500,000, preliminarily appears to be a reduction of approximately 50% from the total fees and costs accrued, and to be consistent with recent fee awards approved in analogous foster care reform class actions. The cap of $150,000 per year for fees accrued in monitoring and validating Defendants' compliance with the settlement agreement also preliminarily appears to be reasonable.

Having reviewed the Settlement Agreement, the Court preliminarily approves the Settlement Agreement as being fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure.

## II. Notice and Final Fairness Hearing

The Court finds that the proposed notice plan and the form of the proposed Notice of Class Action Settlement, Doc. 529-6 (the "Notice") fully satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provide the best notice practicable under the circumstances to members of the class. The specifics of the

---

[4] Mr. Nomkin, Mr. Swindle, Mr. Ryerson, and Ms. Nyberg received higher rates in February 2020 in the Superior Court of the State of Arizona, where the judge found their "skill, experience and background" were "far, far above average" and they were "at or near the top of the bar." *See* Doc. 529-4 at 5; *State of Arizona, ex rel. Mark Brnovich, Attorney General vs. Arizona Board of Regents, et al.*, No. TX2019-000011 (Ariz. Tax Ct. Feb. 5, 2020), *available at* http://www.courtminutes.maricopa.gov/viewerME.asp?fn=Tax/022020/m9032088.pdf.

notice plan require DCS to prominently post a copy of this Order and the Notice on the website and to post physical copies of the Notice in conspicuous places in DCS offices. The notice plan also requires DCS to email or mail copies of the Notice to DCS staff, grantees, and contractors who provide case management services to class members; to the last known address of the parents of class members who retain parental rights; to all placement providers for children in DCS custody; to all class members in an independent or transitional living arrangement or who are currently in an independent living program; and to each person who serves as a Guardian ad Litem with respect to any class member. Finally, the notice plan requires DCS to email or mail the Notice to the presiding judge of each Arizona Superior Court or, if the county has a Juvenile Court, the presiding judge of the Juvenile Court, as well as to each congregate care placement, group home, behavioral health inpatient facility, and behavioral health residential facility utilized by DCS, and ask that the Notice be disseminated to staff and posted in locations most likely to be seen by class members and their legal representatives.

The schedule for notice to the Class, and final approval of the settlement agreement, shall be as follows:

| Event | Date |
| --- | --- |
| Completion of Notice Plan | November 23, 2020 |
| Motion for Final Approval of the Parties' Settlement Agreement | December 21, 2020 |
| Deadline to Submit Objections and Statements in Support | January 11, 2021 |
| Deadline to Provide Notice of Intent to Appear at the Final Approval Hearing | January 11, 2021 |
| Plaintiffs to Submit to the Court All Objections and Statements in Support | January 25, 2021 |
| Parties' Responses to Objections and Statements in Support (if any) | January 25, 2021 |
| Final Approval Hearing | 2 p.m., February 12, 2021 |

Public seating in the courtroom gallery is currently limited to no more than ten individuals due to the ongoing COVID-19 pandemic, and class members will therefore be

given the option to speak at the hearing by phone as well as in person. The Notice shall be amended to indicate to class members and their legal representatives that, if they wish to speak at the hearing, their letter to Class Counsel must state whether they wish to speak in person or by phone. By **January 15, 2021**, Class Counsel shall file a notice with the number of individuals who have provided notice of their intent to appear at the final approval hearing. Class members or their legal representatives who wish to listen to the hearing over the phone rather than in person should contact Class Counsel. Class Counsel, in coordination with courthouse staff, will provide a phone number for the class members or their legal representatives to call to listen to the hearing.

Accordingly,

**IT IS ORDERED** the Joint Motion for Preliminary Approval of the Parties' Settlement Agreement (Doc. 529) is **GRANTED**.

**IT IS FURTHER ORDERED**:

1. The parties have executed the settlement agreement to settle and resolve this action on a class-wide basis, subject to final approval by the Court.

2. The terms of the settlement agreement are preliminarily approved as fair, reasonable, and adequate for the classes, subject to further consideration in connection with the hearing for final approval.

3. The form of the parties' proposed Notice of Class Action Settlement, Doc. 529-6 (the "Notice") is approved.

4. The following plan for providing notice of the settlement is approved: On or before **November 23, 2020**, Defendants shall, at their sole expense, take the following steps to notify class members and their legal representatives of the proposed settlement agreement:

    a. The Department of Child Safety ("DCS") shall prominently post a copy of this order and the Notice on the DCS website and shall maintain the posting until **February 12, 2021**.

      b.    DCS shall post the Notice in a conspicuous place in the DCS main offices, and in each field office.

      c.    DCS shall transmit a copy of the Notice and may transmit one or more accompanying letters signed by authorized representatives of DCS and approved as to content by Class Counsel to the persons and locations listed below. Where appropriate, DCS shall request in any letter that recipients share information with class members in their care, leaving it to recipients to determine what communication is warranted in light of the child's age, the child's development, or other circumstances:

          i.    DCS will e-mail a copy of the Notice, along with a link to the settlement agreement, to all DCS staff providing case management services to class members.

          ii.    DCS will e-mail (or mail, if only a mailing address is available) the Notice and any accompanying letter to each grantee or contractor providing case management services to class members. DCS will direct their grantees and contractors to provide a copy of the Notice and any accompanying letter to all of their case management staff and to post a copy of the Notice in their offices in a conspicuous place.

          iii.    DCS will e-mail (or mail, if only a mailing address is available) the Notice and any accompanying letter to each Home Recruitment Study and Supervision grantee or contractor. DCS will direct their grantees and contractors to provide a copy of the Notice and any accompanying letter to their staff and to post a copy of the Notice in their offices in a conspicuous place.

          iv.    DCS will e-mail (or mail, if only a mailing address is available) the Notice and any accompanying letter to the last known address for the parent(s) of each class member for whom parental rights have not been

terminated and to the last known address of any relative placement of any class member.

  v. DCS will e-mail (or mail, if only a mailing address is available) the Notice and any accompanying letter to all placement providers for children in DCS custody. This includes but is not limited to kinship, family foster care, therapeutic foster care, and congregate care placement providers.

  vi. DCS will e-mail (or mail, if only a mailing address is available) the Notice and any accompanying letter to all class members in an independent or transitional living arrangement or who are currently in an independent living program.

  vii. DCS will e-mail (or mail, if only a mailing address is available) the Notice and any accompanying letter to each person who serves as a Guardian ad Litem with respect to any Class Member.

 d. As to the following, DCS shall e-mail (or mail, if only a mailing address is available) the Notice and any accompanying letter to the following entities, ask that the Notice be disseminated to their staff or members and posted in locations most likely to be seen by class members and their legal representatives, and ask that the information remain posted until **February 12, 2021**.

  i. The presiding judge of each Arizona Superior Court or, if the county has a Juvenile Court, the presiding judge of the Juvenile Court; and

  ii. Each congregate care placement, group home, behavioral health inpatient facility, and behavioral health residential facility utilized by DCS.

 5. DCS shall file an affidavit with the Court on or before **November 23, 2020** certifying compliance with the notice requirements of this order.

6. The method of notice set forth above protects the interests of the Named Plaintiffs, the classes, and Defendants, is the best notice practicable under the circumstances, and is reasonably calculated to apprise class members of the proposed settlement agreement and give them an opportunity to respond. In addition, the Court finds that the method of notice is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed settlement and meets all applicable requirements of law, including but not limited to Fed. R. Civ. P. 23 and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

7. The parties may make non-material changes to the method and form of notice so long as class counsel and Defendants counsel agree and one of the parties notifies the Court of the change before the Final Approval Hearing. Neither the insertion of dates nor the correction of typographical or grammatical errors will be deemed a change to the Notice Plan.

8. Nothing in this Order requires Defendants to respond or provide legal advice to any member of the classes, any Guardian ad Litem or advocate, or any other person or entity in connection with the settlement agreement. Defendants should refer any outside inquiries to the method of acquiring additional information stated in the notice or a class member's legal representative.

9. The parties' motion for Final Approval of the Settlement Plan and Attorney's Fees shall be filed on or before **December 21, 2020**.

10. Objections to, statements in support of, or other comments concerning the proposed settlement by class members or their legal representatives will be considered if they are received on or before **January 11, 2021** at either of the following:

    a. Arizona Center for Law in the Public Interest, Attention: Anne C. Ronan, 514 West Roosevelt Street, Phoenix, Arizona 8503, aronan@aclpi.org; or

    b. Children's Rights, Attention: Harry Frischer, 88 Pine Street, Suite 800, New York, New York 10005, hfrischer@childrensrights.org.

11. Class members, or their legal representatives, who wish to be heard orally in support of or in opposition to the proposed settlement at the Final Approval Hearing must submit with their objections, support, or comments a written notification of their desire to appear personally or by telephone, and briefly indicate (if in opposition to the settlement) the nature of the opposition on or before **January 11, 2021**. Class Counsel shall file a notice by **January 15, 2021** with the number of individuals who have provided notice of their intent to be heard at the final approval hearing.

12. Unless otherwise ordered by the Court, no untimely objection to or other comment concerning the proposed settlement will be heard.

13. Any class member who does not make his or her objection in the manner provided in this Order will be deemed to have waived any such objection and will forever be barred from making any objection to the settlement agreement.

14. Class Counsel shall provide Defendants' Counsel with a copy of any objections, support, or comments received from class members, their legal representatives, or any other person, entity, or interested party regarding the agreement and any information received concerning paragraph 11 no later than 5 days following receipt.

15. Class Counsel shall file, under seal if appropriate, all written submissions received from class members, their legal representatives, or other interested parties, along with any written responses to such submissions, on or before **January 25, 2021**.

16. A hearing concerning final approval of the settlement will be held in **Courtroom 605** at the Sandra Day O'Connor U.S. Courthouse, 401 W. Washington St., Phoenix, AZ 85003 at **2 p.m. on February 12, 2021**. Due to the ongoing COVID-19 pandemic the Court is making the following provisions to allow for remote participation in the hearing: those class members, or their legal representatives, who wish to listen to the hearing telephonically should contact Class Counsel. Class Counsel will provide the phone number those class members or their legal representatives should call. Class Counsel will also serve as the point of contact for those class members or their legal representatives who timely provided notice of their intent to be heard at the final approval hearing by phone.

17. At the Final Approval Hearing, the Court will consider the fairness, reasonableness, and adequacy of the Settlement and award of attorney's fees and costs, the entry of a final Order or Judgment with respect to the Class, and any other related matters.

18. Class Counsel and counsel for Defendants shall be prepared at the Final Approval Hearing to respond to objections filed by class members or their legal representatives and to provide other information, as appropriate, on why the proposed settlement should be approved.

Dated this 9th day of October, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge