**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| B.K. by her next friend Margaret Tinsley, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Michael Faust, et al., <br><br> Defendants. | No. CV-15-00185-PHX-ROS <br><br> **FINAL APPROVAL ORDER** |

This matter comes before the Court on the Joint Motion for Final Approval of the Settlement Agreement and Attorneys' Fees (Doc. 533). This lawsuit was initiated by Plaintiffs on behalf of children in Arizona state foster care custody in February 2015. Defendants are the Director of the Arizona Department of Child Safety ("DCS") and the Director of the Arizona Health Care Cost Containment System ("AHCCCS"), in their official capacities. Plaintiffs "alleged systemic failures with respect to behavioral health services, physical and dental health services, the availability of appropriate family placements, and the timeliness of investigations of abuse and neglect exposed foster children to an unreasonable risk of harm and violated their federal statutory rights." (Doc. 529 at 1). Plaintiffs sought class certification and declaratory and injunctive relief under 42 U.S.C. § 1983.

In September 2017, the Court certified the General Class,[1] the Non-Kinship Subclass,[2] and the Medicaid Subclass.[3] (Doc. 363). Defendants appealed class certification, and the Ninth Circuit stayed discovery for over 15 months and affirmed the certification of the General Class and the Non-Kinship Subclass but reversed the certification of the Medicaid Subclass. (Doc. 418). Defendants petitioned for certiorari, which was denied. (Doc. 492). On remand, the Court recertified the Medicaid Subclass in October 2019. (Doc. 461). Defendants petitioned the Ninth Circuit for permission to file a second interlocutory appeal but were denied. (Doc. 493).

Over the course of the litigation, the parties engaged in extensive discovery and multiple rounds of expert discovery. After producing and analyzing over 1.5 million documents and 48 expert reports, the parties were prepared to use over 1400 exhibits, 13 expert witnesses, and dozens of other witnesses at trial. (Docs. 529 at 3–4; 529-3 at ¶ 10; 514). Two weeks before trial, the parties reached a settlement. (Doc. 521).

On October 9, 2020, this Court granted preliminary approval of the Settlement Agreement, approved the notice to be provided to class members, approved an appropriate notice plan, and set a date for the final hearing on the settlement agreement. (Doc. 530). The Court finds that the parties completed the notice plan as ordered.

Since granting preliminary approval of the settlement agreement the Court has received comments from more than 80 stakeholders. (Docs. 535-1 to -5; 544-1). Those comments and the parties' responses to those comments are summarized in Exhibit 1 to this order. The Court also heard from the parties and some stakeholders at the final approval hearing on February 12, 2021. Several comments expressed support for the settlement. Others contained suggestions for implementation of the settlement. The vast majority of comments addressed DCS-involved families' experiences and challenges within the foster care system. A very small number of comments were critical of or objected to the

---

[1] All children who are or will be in the legal custody of DCS due to a report or suspicion of abuse or neglect.
[2] All members in the General Class who are not placed in the care of an adult relative or person who has a significant relationship with the child.
[3] All members of the General Class who are entitled to early and periodic screening, diagnostic, and treatment services under the federal Medicaid statute.

settlement. In evaluating the proposed settlement, the Court considered every comment. The comments made especially clear the great need for improvements in the services provided to DCS-involved children. The settlement will improve many of the current deficiencies addressed in the comments, including the critical areas of behavioral health, physical health, placement array, and case manager workload.

As initially discussed in the Preliminary Approval Order (Doc. 530), the Court finds the final settlement and award of attorney's fees and costs are fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure. The motion will be granted.

Accordingly,

**IT IS ORDERED** the Joint Motion for Final Approval of the Settlement Agreement and Attorneys' Fees (Doc. 533) is **GRANTED**.

**IT IS FURTHER ORDERED AS FOLLOWS:**

1.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Settlement Agreement, as set forth in the Revised Settlement Agreement (Doc. 529-1) is, in all respects, fair, reasonable, adequate, and in the best interest of the General Class, Non-Kinship Subclass, and Medicaid Subclass. The Settlement Agreement, reached after extensive litigation and arms-length negotiation, requires considerable improvements in the areas giving rise to Plaintiffs' complaint and will cure the alleged deficiencies giving rise to Plaintiffs' claims. It requires DCS to meet significant benchmarks demonstrating improvement; contains meaningful mechanisms to monitor DCS compliance; and provides for strong enforcement remedies in the event of non-compliance. At the same time, the Settlement Agreement also provides DCS with sufficient flexibility to determine how it will implement the required improvements. The Court therefore **GRANTS** final approval of the Settlement Agreement under Rule 23(e).

2.  The Court finds the Settlement Agreement's attorneys' fees provision in section 8.1 of the Settlement Agreement to be fair and reasonable under the facts of this case and the relevant law, and **GRANTS** final approval of the attorneys' fees. This was a

labor-intensive, complex case that included two Ninth Circuit appeals and a Supreme Court certiorari petition. Furthermore, the negotiated agreement, reached through arms-length negotiations, to settle Plaintiffs' claims for accrued attorneys' fees and expenses is a reduction of approximately 50% from the total fees and costs accrued and is consistent with recent fee awards in analogous foster care reform class actions. The Settlement Agreement's cap on fees accrued in monitoring and validating Defendants' compliance with the settlement agreement is also fair and reasonable.

3. The Court incorporates the express terms of the Settlement Agreement (Doc. 529-1) into this order, enters it as a final judgment and order of the Court, adopts the Settlement Agreement as an injunctive order under Fed. R. Civ. P. 65(d), and orders the parties to comply with its terms.

4. By agreeing to settle this lawsuit, Defendants do not admit, and specifically deny, any and all liability in this lawsuit.

5. Defendants are ordered to pay Class Counsel's attorney's fees in the amount of $6,500,000.

6. The trial previously set for three weeks after the date of the Final Approval Hearing (Doc. 527) is **VACATED**.

7. This action is **DISMISSED WITH PREJUDICE**; however, the Court **RETAINS JURISDICTION** over this action to enforce the Settlement Agreement and consider all matters arising under it.

Dated this 12th day of February, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge